395 P.2d 916

**Gerald GUNDRY and Bryce Taylor, Plaintiffs and Appellants,**

**v.**

**STATE of Utah, Louis Domenko et al., Defendants and Respondents.**

No. 10090.

Supreme Court of Utah.

Oct. 26, 1964.

Kenneth M. Hisatake, Salt Lake City, for appellants.

A. Pratt Kesler, Atty. Gen., Salt Lake City, for respondents.

WADE, Justice.

Plaintiffs Gundry and Taylor, former Utah highway patrolmen, appeal from a district court decision refusing to refund the compulsory deductions from their pay for the Utah State Highway Patrol Retirement Fund.

The evidence is undisputed that Gundry was a highway patrolman from August 18, 1958, to July 1, 1962, and that during that time compulsory deductions amounting to $1,048.12 were withheld from his pay for the Highway Patrol Retirement Fund. Taylor was a highway patrolman from August, 1959, to October, 1962, during which time compulsory deductions of $884.25 were withheld from his pay for such Retirement Fund. After severing their connections with the State Highway Patrol, both plaintiffs demanded the refund of these deductions and commenced this action when such refund was refused.

At the trial the State produced testimony that each plaintiff was interviewed before his employment and was informed of the compulsory deductions, and that if he failed to become eligible for retirement, these deductions would not be refunded. Their testimony is clear that all prospective employees of the State Highway Patrol were so informed. Plaintiffs partially dispute that they were given all the information claimed in the interview prior to accepting the job as patrolmen. Plaintiffs do not deny that during 1960 a meeting of the highway patrolmen was held to determine whether they desired the legislature to increase the amount of deductions sufficient to provide for the refund of such payments to patrolmen who failed to qualify for the pension. At that meeting in plain-

tiffs' presence a resolution was adopted, without a dissenting vote, that such change should not be recommended to the legislature. So there could be little doubt that plaintiffs understood that no refund was contemplated to patrolmen who left the service without attaining retirement status.

Section 49–8–4, U.C.A.1953, as amended, in substance provides that any employee who reaches the age of 55 years, after five years of continuous service with the Utah State Highway Patrol, and who has served 20 years altogether, may retire and receive a monthly pension of 40 per cent of his final monthly compensation. That section further provides that an employee who has served 25 years may receive 45 per cent of his final monthly compensation, and 50 per cent of such final monthly compensation if he has served 30 years. It further provides that any employee who has been in the highway patrol service for 20 years, and who is suffering from a mental or physical disability which renders him unfit for active duty, shall be retired and receive a monthly pension computed the same as the regular retirement regardless of his age.

This section in a separate paragraph provides that upon the death of any retired employee, or one who was eligible to retire, or who has served 20 years, if he leaves a surviving widow, such widow shall receive one-half of the monthly pension such employee was receiving, or entitled to receive, during her lifetime or until she remarries.

Then follows the paragraph below:

"Upon the death of any employee other than those covered under the preceding paragraph there shall be paid to his legal representative an amount equal to the contribution which the employee has paid into the pension fund, accumulated without interest."

Section 49–8–5, U.C.A.1953, provides for an actuarial study of the retirement funds on June 30, 1960, and each and every four years thereafter with récommendations to the legislature of increases or decreases which such study indicates.

It is clear from the Highway Patrol Retirement System statutes that the legislature intended no refund of these deductions under the facts here shown. The statute expressly provides for the refund of the total amount of deductions upon the death of a patrolman without becoming eligible for a pension. The fact that such provision was made for a refund under such conditions, and no other such provision and refund provided for other circumstances, indicates that no other refunds were intended. Furthermore, the statute also provides for an actuarial study and recommendations every four years. There is no claim that this study contemplated any refund of such contributions other

than those which are expressly provided for in the statute.

Although the court made no findings of fact, the evidence clearly indicates that plaintiffs were informed of the deductions with no refunds, and that they accepted the employment with that understanding. Further, the evidence, without dispute, shows that later a resolution to ask the legislature to provide for refunds to persons who did not become eligible for pension benefits was rejected at a meeting of the highway patrolmen, and that there was no dissenting vote to such resolution. The above mentioned facts considered together clearly indicate that plaintiffs accepted this employment knowing of the deductions, and that the refunds they now claim were not intended. Under such circumstances plaintiffs are obviously not entitled to the refunds they claim.

Judgment affirmed. No costs awarded.

HENRIOD, C. J., and McDONOUGH and CALLISTER, JJ., concur.

CROCKETT, Justice.

I concur in affirming the judgment, but think it important to point out that the rights of the plaintiffs are controlled by the statutes and not by what the plaintiffs may have intended or understood.